**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**THOMAS LEE WILLIAMS,**

    **Plaintiff,**

v.                                                      **Case No: 5:16-cv-372-Oc-MMH-PRL**

**UNITED STATES,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This case is before the Court for consideration of *pro se* Plaintiff's motions to proceed *in forma pauperis*. (Docs. 7 & 11). For the reasons explained below, and because Plaintiff has failed to state a viable federal claim, I recommend that Plaintiff's motion to proceed in forma pauperis be denied, and the complaint dismissed.

    **I.**    **BACKGROUND**

Plaintiff, who is a former inmate at the Federal Correctional Institution at Coleman (FCI Coleman) initiated this case on June 2, 2016 (Doc. 1). Due to deficiencies in the original complaint, Plaintiff was granted an opportunity to file an amended complaint, and he was also granted an extension of time. (Docs. 6 & 9). On September 26, 2016, Plaintiff filed a document titled "Order" (Doc. 10) that he apparently intends to be his amended complaint. He also submitted a supplement. (Doc. 12). He alleges that his complaint is about a single issue – unsanitary conditions at FCI Coleman. Plaintiff claims that he was subjected to unsanitary conditions, including conditions in the restroom that included feces and sand on the toilet tissue. Plaintiff claims that the prison procedures allowed the toilet tissue to become contaminated, "because it was on the floor collecting dirt, sand and when inmates put their hands on it before

washing their hands then turning it in for the next inmates to use it." (Doc. 10, p. 2). Plaintiff alleges that the prison procedures do not prevent the toilet tissue from becoming soiled because the tissue is permitted to come into contact with the floor and inmates' hands. As best can be discerned from the complaint, Plaintiff's allegations pertain to a prison policy that required inmates to check out a roll of toilet tissue when using certain restrooms, and then return the roll when finished. Plaintiff contends "an inmate will walk out of the restroom with the tissue in his hand to turn it in somewhere else for another inmate to use, that makes the roll of tissue unsanitary." (Doc. 10, p. 2).

Plaintiff alleges that, due to these unsanitary conditions, he used toilet paper contaminated with sand and feces that scratched his skin, and caused him to suffer cellulitis, a skin infection. (Doc. 1, p. 3). Plaintiff further contends that he filed a "B-P8" grievance with the prison about the unsanitary conditions, and also filed a claim under the Federal Tort Claims Act (FTCA) regarding the issue. Because Plaintiff is dissatisfied with the response to his tort claim, he brings this action. (Doc. 10, p. 1).

## II.   LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations

omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its

"consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

### III. DISCUSSION

While Plaintiff is proceeding *pro se* (and attempting to proceed in forma pauperis) he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). It appears from his amended complaint (i.e., the documents he submitted that are

construed as an amended complaint) (see Docs. 10 & 12) that he has described his claim as a "Tort Claim," and has sued only the United States. Indeed, the law is clear that the United States is the only proper party defendant in an FTCA action. *See* 28 U.S.C. 2679(b)(1); *Trupei v. United States*, 304 Fed.Appx. 776, 782 (11th Cir.2008) (concluding that the plaintiff failed to state a claim against any of the defendants other than the United States). It appears, then, that a claim under the FTCA is the only claim he is attempting to bring: he does <u>not</u> appear to seek relief against a prison official under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In an abundance of caution, however, I will first address any potential claim under the Eighth Amendment, then turn to the FTCA claim.

### A.     Eighth Amendment Claim

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citation omitted). At a minimum, the Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care. *Id*. An inmate's safety must also be protected through reasonable measures. *Id*. The prisoner bears the burden of proving that the challenged prison condition is "extreme" and "pose[s] an unreasonable risk of serious damage to the [prisoner's] future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir.2004) (quotation marks and citation omitted). In order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.*

Further, the prisoner must satisfy a subjective prong by showing that the prison officials acted with deliberate indifference. *Id*. It is not required that the prison official purposefully acted to cause harm, but it does involve something beyond mere negligence. *Id*. The prison

official must know of and disregard an "excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id*. A prison condition generally does not violate the Eighth Amendment unless it involves "the wanton and unnecessary infliction of pain." *Chandler*, 379 F.3d at 1289 (quotation marks and citation omitted).

Here, Plaintiff has not alleged that prison officials acted with deliberate indifference. He alleges that the Recreation Department "should have known that the tissue was contaminated based on the way it was being handle[d]." (Doc. 10, p. 2). He concedes that the Recreation Department was ordered to clean the restrooms in response to his complaint, but complains that the cleaning did not prevent the toilet tissue from being unsanitary. (Doc. 10, p. 1). Plaintiff has also attached a letter from the Federal Bureau of Prisons regarding his Tort Claim, stating that an investigation revealed that the Recreation Department has orderlies assigned to clean the restrooms and that supplies are provided on a weekly basis. (Doc. 10, p. 4).

Simply put, Plaintiff has failed to allege deliberate indifference, and the materials submitted with his complaint belie any suggestion of deliberate indifference on the part of prison officials.

Further, he seeks relief, as mentioned earlier, only from the United States, but constitutional violations are not cognizable against the United States, as the United States has not waived its sovereign immunity with respect to constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."); *JBP Acquisitions v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) ("Absent a waiver, sovereign immunity shields the

Federal Government and its agencies from suit."); *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968) ("The immunity of the sovereign, however, extends to its agencies . . . and the officers of those agencies."). Sovereign immunity is "a complete bar to lawsuits against the United States." *State of Florida Dept. of Business Regulation v. U.S. Dept. of Interior*, 768 F.2d 1248, 1251 (11th Cir. 1985). Waivers of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (citation omitted).

### B.  FTCA Claim

Next, to address the claim that he has explicitly alleged, Plaintiff has also failed to state a claim under the Federal Tort Claims Act (FTCA). In accordance with 28 U.S.C. §2346(b), the FTCA is a limited waiver of sovereign immunity providing compensation for property loss or personal injury which results from the negligent or wrongful act or omission of an employee of the United States acting within the scope of employment. *See United States v. Kubrick*, 444 U.S. 111 (1979).

Under the FTCA, the liability of the United States is subject to the exceptions contained in 28 U.S.C. § 2680, including the discretionary function exception. In pertinent part, this exception provides that a plaintiff may not bring a tort claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." When the discretionary function exception to the FTCA applies, no federal subject matter jurisdiction exists. *See United States Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009).

The Supreme Court has developed a two-part test to determine whether the discretionary function exception applies. *See United States v. Gaubert*, 499 U.S. 315, 323 (1991). First, the court asks whether the challenged conduct "involve[s] an element of judgment or choice." *Id*. at 322. If the conduct does "involv[e] an element of judgment or choice," the court then looks at "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" *Id*. at 322-23. The purpose of this exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" *Id*.

Here, the thrust of Plaintiff's claim is that the prison's toilet tissue check-out procedures resulted in unsanitary conditions that led to his skin condition. In a comparable case, after thorough analysis, this Court held that the discretionary function exception applies to the Bureau of Prison's decisions regarding "when it should provide various hygiene products and cleaning supplies to inmates under its care and under what circumstances, including during a lockdown or other prison event." *See Dugan v. Middlebrooks*, No. 5-10-cv-367-Oc-WTH-PRL, Doc. 141, p. 6, (M.D. Fla. Mar. 17, 2015) (stating, "[t]his is exactly the type of 'judicial second-guessing' that the discretionary function exception was meant to protect against"), *report and recommendation adopted by* Doc. 149 (M.D. Fla. May 27, 2015).

In this case, Plaintiff's claims are essentially a critique of the same issue, i.e., when and under what circumstances the prison should provide toilet tissue to inmates. Plaintiff has not alleged that a prison employee deviated from a mandatory rule or regulation, and that the break in mandatory policy resulted in unsanitary conditions. Rather, Plaintiff alleges that the prison's existing procedures are inadequate because they do not prevent the toilet tissue from becoming unsanitary. Indeed, as in the *Dugan* case, Plaintiff asks the Court to undertake precisely the type

of judicial second-guessing that the discretionary function was meant to protect against.  For the same reasons that were cited in *Dugan*, the undersigned concludes that the discretionary function exception applies here to bar Plaintiff's tort claim arising from the prison's toilet tissue check-out procedures.

On a final note, the Court observes that the documents submitted by Plaintiff reveal that he was diagnosed with cellulitis, received treatment, and his condition completely resolved.  Plaintiff has not alleged that he was denied access to medical care or received inadequate medical care.

### IV. RECOMMENDATION

For the reasons stated above, and despite being given ample opportunity to do so, Plaintiff has failed to allege a viable federal claim.  It is respectfully recommended that Plaintiff's Motions to Proceed in Forma Pauperis (Doc. 7 & 11) be denied, and this case be dismissed.

**DONE** and **ENTERED** in Ocala, Florida on November 7, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties